UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
CENTRAL DIVISION

| | |
|---|---|
| SUMMER DEMARRIAS,<br><br>Plaintiff,<br><br>vs.<br><br>DOES, Officers, South Dakota Women's Prison, Department of Corrections,<br><br>Defendants. | 3:25-CV-03013-RAL<br><br><br>ORDER DISMISSING COMPLAINT AND DENYING MOTION FOR REFUND |

Plaintiff Summer DeMarrias filed a pro se prisoner civil rights lawsuit in the United States District Court for the Eastern District of Arkansas on May 6, 2025, Doc. 2, and the case was transferred to the United States District Court for the District of South Dakota as the proper venue. Docs. 4, 8. DeMarrias filed two motions for leave to proceed in forma pauperis, Docs. 1, 11, and provided this Court with a certified copy of her prisoner trust account report, Doc. 12. This Court granted DeMarrias's motion for leave to proceed in forma pauperis, and ordered her to pay an initial partial filing fee of $21.86 based on the information she provided in her prisoner trust account report and pursuant to the Prison Litigation Reform Act (PLRA). Doc. 13. When granting her motion for leave to proceed in forma pauperis, this Court informed DeMarrias of her obligation under the PLRA to pay the full $350 fee under the installment plan established by the PLRA. Id. DeMarrias subsequently paid her initial partial filing fee.

Before this Court could conduct a screening of DeMarrias's complaint, DeMarrias wrote a letter informing the Court that she does "not wish to proceed with [her] lawsuit[,]" which this Court construes as a notice of voluntary dismissal. Doc. 15. Federal Rule of Civil Procedure

41(a)(1)(A)(i) provides that "the plaintiff may dismiss an action without a court order by filing[] a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment[.]" At the time DeMarrias filed her notice of voluntary dismissal, the defendants had not yet been served and had neither filed an answer nor a motion for summary judgment. Therefore, this Court acknowledges DeMarrias's notice of voluntary dismissal and dismisses her complaint without prejudice. See Fed. R. Civ. P. 41(a)(1)(B) ("Unless the notice ... states otherwise, the dismissal is without prejudice."). This Court, however, will delay in entering judgment until January 23, 2026, for the reasons discussed below.

DeMarrias also requests a refund of the partial payments she has already made under the installment plan established by the PLRA, and that she be released from the responsibility of making further payments. Doc. 15. Under the PLRA, a prisoner who "brings a civil action or files an appeal in forma pauperis . . . shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1). The United States Court of Appeals for the Eighth Circuit has explained that "the PLRA makes prisoners responsible for their filing fees *the moment the prisoner brings a civil action*[.]" In re Tyler, 110 F.3d 528, 529–30 (8th Cir. 1997) (emphasis added). Although this Court sympathizes with DeMarrias's predicament regarding the payment of her full filing fee under the PLRA, this Court cannot ignore the clear language of the PLRA and the guidance set forth by the Eighth Circuit in Tyler. See Harris v. Corizon Med. Serv., No. 1:13-CV-147, 2020 WL 3429455, at *2 (E.D. Mo., June 23, 2020) (holding that a prisoner's voluntary dismissal of his complaint "does not excuse or negate his obligation to pay the filing fee in full[]" under the PLRA); see also Copley v. Henderson, 980 F. Supp. 322, 323 (D. Neb. 1997) ("[P]risoners should understand that from the moment we allow them to proceed in forma pauperis, they owe the United States of America the full filing fee, and this is true even if they voluntarily dismiss their cases.").

Therefore, DeMarrias's motion to receive a refund and to be released from her obligation to pay the full filing fee under the PLRA is denied.

Because DeMarrias is required to pay the full amount of the filing fee imposed upon prisoners proceeding in forma pauperis, this Court will delay in entering judgment until January 23, 2026, to allow DeMarrias time to decide whether she wishes to withdraw her voluntary dismissal and proceed with the lawsuit. If DeMarrias wishes to proceed, she must inform the Court in writing of her intent to withdraw her voluntary dismissal and pursue this action by January 23, 2026. If the Court does not receive notice from DeMarrias by January 23, 2026, that she wishes to proceed with her case, the Court will enter judgment dismissing her case without prejudice.

Therefore, it is hereby

ORDERED that DeMarrias's complaint is dismissed without prejudice, though this Court delays until January 23, 2026, in entering judgment of dismissal to allow DeMarrias the opportunity to withdraw her voluntary dismissal should she wish to proceed with the lawsuit. It is further

ORDERED that DeMarrias's motion to receive a refund and to be released from her obligation to pay the full filing fee under the PLRA is denied.

DATED this 23rd day of December, 2025.

BY THE COURT:

_____
ROBERTO A. LANGE
CHIEF JUDGE